*Hicks* v. *State, supra,* at page 295 of 213 Ind. The reasoning applies to the case now before us. In this case, as in that case, there was ample evidence from which the jury could infer that the beating administered to the deceased contributed mediately or immediately to her death. There is no variance in the proof.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 2d 671.

STATE EX REL. HANKS *v.* WIDER, JUDGE.

[No. 28,790. Filed June 18, 1951.]

*Harold Hanks, pro se.*

PER CURIAM.—The relator, appearing pro se, files what he designates as a verified petition for an alternative writ of mandate to compel certain action by the respondent judge.

The relief sought relates to a proceeding in an inferior court, but wholly fails to comply with the requirements of Rule 2-35.

The issuance of the writ is denied.

NOTE.—Reported in 99 N. E. 2d 416.

STATE EX REL. GARLIN *v.* BAKER, JUDGE.

[No. 28,813. Filed June 18, 1951.]

*Ivan Garlin, pro se.*

PER CURIAM.—The relator, appearing pro se, files what he designates as a verified petition for an alternative writ of mandate to compel certain action by the respondent judge.

The relief sought relates to a proceeding in an inferior court, but wholly fails to comply with the requirements of Rule 2-35.

The issuance of the writ is denied.

NOTE.—Reported in 99 N. E. 2d 257.